CHALKLEY JAMES, Appellee,
*against*
SIMEON SMITH, Appellant.

In debt upon a recognisance to prosecute writ of error taken under the statute of 1791, where execution upon nonsuit and complaint has issued and been returned satisfied for 12 per cent. interest and costs, the Court will chancer the penalty to a sum merely nominal.

DEBT on recognisance.

Attach *Simeon Smith* to answer to *Chalkley James*, surviving partner of *Roger Hunt*, deceased, in a plea, &c. that he the said *Simeon* to the said *Chalkley* as surviving partner to the said *Roger Hunt*, render the sum of 1,400 dollars, which he justly owes, &c. for that whereas the said *Simeon*, in the life-time of the said *Roger*, to wit, on the 9th day of *February*, 1798, in his own proper person appearing before *Enoch Woodbridge*, Esquire, one of the Judges of the Supreme Court of Judicature of the State of *Vermont*, acknowledged himself indebted to the said *Chalkley* and *Roger* in the sum of 1,400 dollars, to be paid to the said *Chalkley* and *Roger*, their heirs, &c. and unless he should so do, he the said *Simeon* did grant and agree that the said sum of 1,400 dollars should be levied of his goods and chattels, lands and tenements, and for want thereof upon his body to the use

of the said *Chalkley* and *Roger*, (he the said *Enoch Woodbridge*, Esquire, by virtue of his office as Judge of the said Supreme Court of Judicature as aforesaid, being legally empowered to take such bond of recognisance,) which said bond of recognisance was nevertheless conditioned, that if *Nathaniel Dickinson* should prosecute to effect at the Supreme Court to be holden at *Rutland*, within, &c. on the *Tuesday* next following the first *Tuesday* of *January*, 1799, a certain writ of error by him prayed out, and bearing date on the same 9th day of *February*, 1798, wherein the said *Nathaniel* was plaintiff, and the said *Chalkley* and *Roger* defendants, on a judgment had and rendered in the County Court of the County of *Rutland*, at their term of *November*, 1797, in favour of the said *Chalkley* and *Roger*, for the sum of 703 dols. 38 cts. damages, and 14 dols. 41 cts. for their costs in that behalf laid out and expended, and should pay and satisfy to the said *Chalkley* and *Roger* *the full amount of the judgment aforesaid*, provided said judgment should be affirmed by said Supreme Court, and answer and pay all intervening damages and costs, and such damages and costs as should be awarded by said Court to the said *Chalkley* and *Roger* for the delay of the writ of execution on said judgment by pretext of prosecuting said writ of error, in case said *Nathaniel* should fail to prosecute the same to effect, then said bond of recognisance to be void, otherwise to remain in full force and effect, as by said bond of recognisance, and the conditions thereof ready here in Court to be shewn, may more fully appear. And the said *Chalkley James* says, that afterwards, to wit, at the

James
v.
Smith.

17

James
v.
Smith.

Supreme Court begun and holden at *Rutland*, within, &c. on the *Tuesday* next following the fourth *Tuesday* of *January*, 1799, and after the decease of the said *Roger*, such proceedings were then and there had on the said writ of error, that said judgment was duly affirmed; and it was by the consideration of said Court adjudged and determined, that the said *Chalkley James*, as surviving defendant and surviving partner of the company and firm of merchants, known by the name and firm of *James* and *Hunt*, should recover of the said *Nathaniel* the sum of 7 dols. 25 cts. for the costs which he had sustained by reason of the prosecuting the said writ of error as by the files and records of said Supreme Court here before them had may fully appear. And the said *Chalkley*, surviving partner as aforesaid, further says, that said *Nathaniel* hath not prosecuted his said writ of error to effect, and hath not paid and satisfied to him the said *Chalkley* since the decease of the said *Roger*, nor to him the said *Roger* before his decease, the amount of said judgment had and rendered in the County Court as aforesaid, and has not answered and paid *all intervening damages* and costs occasioned by prosecuting said writ of error, nor any part thereof; and the said bond of recognisance, in form aforesaid, remains in full force and effect, and hath become forfeited to the said *Chalkley*, whereby an action hath accrued to the said *Chalkley*, as surviving partner as aforesaid, to have and recover of the said *Simeon* the said sum of 1,400 dollars as above demanded, yet the said *Simeon*, having due notice of the premises, hath not paid said sum of 1,400 dollars to either the said

*Chalkley* or the said *Roger* in his life-time, but detains it, *ad damnum*, 2,000 dollars.

This cause came by appeal from the County Court.

*Chauncey Langdon*, for defendant, craved *oyer* of the bond of recognisance, which was exhibited, and then suffered a default.

*James*
*v.*
*Smith.*

#### The bond read in oyer.

State of *Vermont.*

*Rutland, ss.* Be it remembered, that before me, *Enoch Woodbridge*, one of the Judges of the Supreme Court of Judicature of the State of *Vermont*, came personally *Simeon Smith*, of, &c. and acknowledged himself justly indebted to *Chalkley James* and *Roger Hunt*, merchants trading in company under the name and firm of *James & Hunt*, in the full and just sum of fourteen hundred dollars, to be levied of his goods and chattels, lands and tenements, and for want thereof upon his body, if default be made in the conditions following : The condition of this recognisance is however such, that if *Nathaniel Dickinson* shall prosecute to effect at the Supreme Court to be holden at *Rutland*, &c. on the *Tuesday* next following the fourth *Tuesday* of *January*, 1799, a writ of error this day prayed out against the said *Chalkley* and *Roger*, in behalf of the said *Nathaniel*, therein plaintiff, and against the said *Chalkley* and *Roger* therein named as defendants, which writ is brought to reverse a judgment rendered by the County Court of *Rutland* County, at their term of *November*, 1797, in favour of the said *Chalkley* and *Roger*, and against

*James*
*v.*
*Smith.*

the said *Nathaniel* for the sum of 703 dols. 38 cts. for their damages, and 14 dols. 41 cts. for their costs of suit; and shall pay and satisfy to the said *Chalkley* and *Roger* the *full amount of said judgment*, provided said judgment shall be affirmed, and answer and pay all intervening damages, in case the said *Nathaniel* fail to prosecute his said writ of error to effect, then this recognisance to be void, otherwise of force. Taken and acknowledged before me, this 9th day of *February*, 1798.

*Enoch Woodbridge.*

After *oyer* of the bond of recognisance and default,

*Langdon* filed the following motion :

*Chalkley James*, Appellee,

v.

*Simeon Smith*, Appellant.

And the appellant by his attorney now moves the Court here after judgment to recover his said debt contained in said bond of recognisance, to chancer the same to the intervening damages, which the plaintiff hath actually sustained by reason of the delay afore-said, agreeably to equity and good conscience, according to the statute in such case made and provided. By

*Vermont* Stat. vol. 1. p. 83. s, 75.

*Langdon*, his attorney.

It was conceded, that the execution upon the original judgment, which had been stayed by the *supersedeas* in the writ of error, had not been purchased out

since the affirmance of judgment; that upon nonsuit on the writ of error, judgment had been rendered for costs and damages rated at 12 per cent. interest on the sum of the original judgment, execution had issued, and had been returned fully satisfied.

James
v.
Smith.

*Chauncey Langdon*, for the recognisor, contended, that whatever might be the form of the bond of recognisance, it must be controlled by the statute.

The statute provides, section 10th, "that when any person shall pray out a writ of error, in due form of law, and procure the same to be regularly served, and shall fail to enter and prosecute his said writ to effect, or shall become nonsuit, the defendant or defendants in error may enter his, her, or their complaint to the Court to which the same is made returnable, praying for his just damages and legal costs, and such Court shall award to the defendant or defendants in error, twelve per cent. interest on the original judgment *as damages*, and his costs, and issue execution accordingly."

*Vermont* Stat.
vol. 1. p. 57.

The statute has been complied with, as appears by the concession in the present cause. Defendant in error had filed his complaint, had judgment of Court for his *damages* and costs, with twelve per cent. interest on the original judgment, and purchased out his writ of execution, which had been returned fully satisfied. The damages and costs then received by the defendant in error, were the same damages and costs secured to him by the recognisance provided for by the 8th section of the same act, " *as just damages for the delay occasioned by such writ.*" To satisfy the original judgment, the whole course of

James
v.
Smith.

practice had been to refer the defendant in error to his execution on such judgment, which had merely been staid until the decision upon the writ of error. Here no other damages had intervened. The original plaintiff might at any time have taken out his execution on the original judgment, after *nonpross* in error; and the original defendant might at all times have been charged in execution, never having changed his commorancy described in the writ.

*Cephas Smith, contra,* objected to their shewing any payment in part. The statute does not apply; for although passed 2d of *March,* 1797, it will be recollected a suspension act·was about that time passed, suspending the operation of this act until the first of *September,* 1798. The recognisance bears date the 9th of *February,* 1798. The former statute, under which the recognisance declared upon was taken, merely established the common law practice, and this recognisance is taken agreeably to such prac-tice. The form is the same with that usually adopted before the late statute, which we confess varies the practice. That at common law, the recognisor for-feited the whole penalty.

*Revised Stat. p. 617. Fay's edit.*

*Hasw.* ed. *Ver-mont* Stat. p. 288.

*Langdon.* We were aware that the late statute went into operation subsequently to the date of the recognisance. But the statute passed *November* 1, 1791, merely enumerates the process in error, among others, in defining the civil jurisdiction of the Su-preme Court. We now consider the Legislature by the late act have expressly affirmed what they

considered to be the common law practice.  Has any

other practice than that which we contend for been
attempted to be shewn ?  It is observable, that in the
former statute power is given to the Court, upon mo-
tion, after judgment for the penalty of a recognisance,
" to moderate the rigour of the law in consideration
of the case, and according to equity and good con-
science to chancer such forfeiture."

HALL, Judge.  If the construction of the statute
advocated by Mr. *Smith*, be correct, I have misled
many an honest man.  I have ever considered, that
the recognisor was holden only for the interest and
costs, on failure of a writ of error.  The process in
error merely suspends the execution upon the ori-
ginal judgment until search is made after error; and
unless some intervening damages are shewn, such
as the eloigning property, the absconding or bank-
ruptcy of the plaintiff in error.  I have never con-
sidered the defendant as entitled, upon the recogni-
sance, to any damages ; and never supposed it was
optional with him, either to resort to his execution in
the Court below for his judgment debt, or to take his
remedy on the recognisance.

*Woodbridge*, Chief Judge.  I have *generally* erased
*intervening damages*, when a recognisance has been
presented to me for signature, as I would have the
conditions of the recognisance to rest entirely on the
statute.

But this recognisance is said to be predicated on
the common law practice.  If this be true, it is

James
v.
Smith.

clear that the bond can never be chancered below the judgment debt.

*Curia advisare vult.*

At the ensuing term, the Court chancered the bond of recognisance to a sum merely nominal.

*Cephas Smith,* for plaintiff.
*Chauncey Langdon,* for defendant.